SARAH L. SANDERS, Appellant, *v.* M. LOWENSTEIN & SONS, INC., Respondent.

First Department, June 15, 1942.

*Louis Sanders* of counsel [*David A. Ferdinand* with him on the brief], for the appellant.

*Irving D. Lipkowitz* of counsel [*William Hughes Lewis* with him on the brief], for the respondent.

TOWNLEY, J. Three contracts were made for the sale of goods at prices higher than the ceiling price fixed by the Price Administrator effective June 30, 1941. The goods were delivered on the first contract. The controversy arose as to whether the contract price should be the original price or the lower ceiling price. Plaintiff brought an action for the price of the goods delivered under the first contract. The defendant has not answered but has urged its right to arbitrate its disputes under a clause in the three contracts. Special Term has submitted the question whether plaintiff agreed to arbitrate in each of the three contracts for decision at Trial Term. The two contracts denominated " B " and " C," which concededly have prices higher than the ceiling price, are not enforcible under the decision of this court in *Matter of Kramer & Uchitelle, Inc.,* v. *Eddington Fabrics Corp.* (263 App. Div. 805). There is, therefore, no reason for referring the existence of any arbitration clause in contracts " B " and " C " since the contracts have been rendered unenforcible by the action of the Price Administrator. That disposes of the possibility of any counterclaim being set up either in this action or in an arbitration for the breach of contracts " B " and " C."

On the argument of this appeal, plaintiff stipulated that she no longer demanded the contract price for the shipment comprising contract denominated " A " in the order but was content to take in satisfaction of that contract the ceiling price fixed by the Price Administrator. This concession removes all controversy from the case and makes unnecessary any arbitration under the decision in *Matter of Webster* v. *Van Allen* (217 App. Div. 219). The defendant admits that it owes the ceiling price. It has no enforcible counterclaim. There being nothing to arbitrate, plaintiff may maintain an action for the amount unpaid and admittedly due.

The order should, therefore, be reversed, with twenty dollars costs and disbursements, and the motion denied, with leave to the defendant to answer within ten days after service of order with notice of entry thereof, on payment of said costs.

MARTIN, P. J., GLENNON, COHN and CALLAHAN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion denied, with leave to the defendant to answer within ten days after service of order, on payment of said costs. [See 264 App. Div. 919.]