## THIRD DEPARTMENT, MAY, 1946.

### (May 8, 1946.)

CARL L. WEUBKER et al., Respondents, *v.* LAURA S. JAMES, Appellant, and CHESTER W. BOWLES, as Price Administrator, Intervener, Appellant.

MEMORANDUM BY THE COURT. The landlords failed to serve a notice to vacate on the Price Administrator in the rent area. The City Court dismissed the proceeding for that reason on jurisdictional grounds. The County Court reversed that decision and remitted the matter to the City Court for trial. From that order both tenant and the Price Administrator appealed to this court. Pending the appeal the landlords and the tenant entered into a stipulation voluntarily withdrawing the appeal, without costs. The intervener alone is pressing the cause for decision.

We have examined the question of law involved. In our opinion the decision of the City Court is correct and the determination of the County Court is erroneous as a matter of law. However the real parties in interest have discontinued the proceeding and there is no judgment which this court can render and enforce. The question involved is not of sufficient public importance to warrant a decision on the merits. (*Matter of Lyons Co.* v. *Morris*, 261 N. Y. 497.)

The appeal is therefore dismissed, without costs.

BREWSTER, J. (dissenting). I cannot agree that the question presented by this appeal is of insufficient moment to justify our answer. The adjustment by the original parties of their private interests in the controversy was made pending an appeal to this court taken by the tenant and the intervener-appellant. If the question presented thereby was correctly answered by the court below it is difficult to envision a matter more fraught with a widespread public interest. For it sets at naught an act of Congress (Emergency Price Control Act of 1942; U. S. Code, tit. 50, Appendix, § 901 *et seq.*, as amd.) and runs counter to decisions of the United States Supreme Court in *Bowles* v. *Willingham* (321 U. S. 503), *Yakus* v. *United States* (321 U. S. 414), *Lockerty* v. *Phillips* (319 U. S. 182), and of our Court of Appeals in *International Spangles Corp.*

v. *Marrow Mfg. Corp.* (294 N. Y. 295) and *Sanders* v. *Lowenstein & Sons, Inc.* (264 App. Div. 367, affd. 289 N. Y. 702). Thus the controversy waged on this appeal by a party in interest continues real. That in practical effect the order appealed from would affect the public interest only in the Schenectady area, to my mind, should not successfully challenge this appeal as presenting a moot question. The intervener-appellant as a public officer has no less duty there than elsewhere and by this appeal he seeks to vindicate his right and duty which has been flouted. Thus as to him the case before us is not fictitious, for it pivots on existing facts and rights. (*Ex Parte Steele*, 162 F. 694.) The City Court of Schenectady is the forum where summary proceedings are usually brought. That court may feel bound by the law as declared by the order appealed from. If so, such would result in a serious interruption of the regulations lawfully established in pursuance of an act of Congress, and the rights of the public be jeopardized throughout a considerable area. It is only rarely that an evicted tenant is so circumstanced that he may be able to bring his case here. The present stringency in housing accommodations adds emphasis to the propriety of this appeal and the need of its decision. When the public interest is thus involved the question is not moot. The conditions under which they were determined by the order under appeal may be repeated at any time, and the urgency of disestablishing a rule which will deny the protection of the regulations to the tenantry of the Schenectady area seems to me "imperative and manifest". (*Matter of Lyon Co.* v. *Morris*, 261 N. Y. 497, 499.) In the latter case where the appeal was dismissed as academic, the appellant's contract rights had expired and no public interests were involved. The order appealed from is palpably erroneous. It should be reversed and the order of the City Court dismissing the petition of petitioners-respondents reinstated.

Hill, P. J., Heffernan, Foster and Lawrence, JJ., concur in decision; Brewster, J., dissents in memorandum.

The appeal is dismissed, without costs.