ELMER W. ADKINSON

*v.*

THOMAS GAHAN *et al.*

*Filed at Ottawa May 15, 1885.*

1. APPEAL—*right of parties to dismiss an appeal by agreement.* The appellant in this court may dismiss his appeal at his own costs, when the suit brought by him is not one to enforce a public right.

2. In this case the appellant filed his bill in equity as a citizen and taxpayer of the town of Lake, to restrain the trustees of the town from making payment to one of their number, the supervisor of the town, of two per cent on all moneys coming into his hands for the fiscal year 1884-85, which was dismissed on demurrer, and he brought the case to this court by appeal, and during the pendency of the appeal moved the court to dismiss the same, on stipulation of the parties that it should be dismissed, and the motion was allowed.

APPEAL from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

This was a bill in equity, filed by the complainant, as a citizen and tax-payer of the municipality, to restrain the defendants, as trustees of the town of Lake, from making payment to one of their number, Thomas Gahan, the supervisor of the town of Lake, pursuant to the following resolution: "*Resolved,* that the treasurer of the town of Lake be and he is hereby allowed two per cent on all moneys coming into his hands during the fiscal year 1884-85, and that he report to this board, monthly, the receipts and disbursements on hand, less commissions."

The bill showed that the town of Lake is a municipal corporation, incorporated under an act of the General Assembly entitled "An act to revise the charter of the town of Lake, in the county of Cook," approved March 26, 1869, (Private Laws of 1869, vol. 4, p. 324,) and as changed and amended by the constitution of the State, adopted in 1870, and the several acts of the legislature which apply to said town of Lake, and are amendatory of its charter. The court below sustained a demurrer to the bill, and dismissed the same, and as the case involved a construction of section 11, of article 10, of the constitution, and the validity of the act of 1869, an appeal was taken directly to this court.

Mr. ELMER W. ADKINSON, *pro se.*

Mr. J. B. THOMAS, and Messrs. A. H. & J. L. VEEDER, for the appellees.

Per CURIAM: Upon motion of the appellant, supported by a stipulation signed by the parties to the record, this appeal is dismissed at the costs of the appellant. Since the motion and stipulation were filed, an affidavit of certain citizens of the town of Lake who are interested in the questions involved

in the litigation, has been filed in opposition, and we are asked, therein, to deny the motion. The affidavit states that the stipulation to dismiss is the result of a collusive and fraudulent agreement between the parties.

It must be borne in mind this is not a suit to enforce public rights, but one in which the rights of private parties (*i. e.,* those to the record,) are alone concerned. The interest of the public is purely incidental,—an interest in the settlement of a legal principle,—just as may happen in any suit between private parties. But in all such cases any other party is at liberty to commence a suit and litigate the same question, if the suit first brought be dismissed before it is there settled. No one but the parties to the suit is liable for the payment of the costs, or directly affected by the result of the dismissal. Suppose we were to overrule the motion, who is responsible for the additional costs that may be incurred? No indemnity is given, or could legally be required to be given, the appellant, against the additional costs. We are aware of no practice by which a party can be compelled to continue the prosecution of a private suit against his will and at his own expense. If, while the suit was pending, it had been alleged and proved that the suit was collusive, we would have dismissed it, promptly, out of court. But ceasing to prosecute an appeal,—ceasing to ask the aid of a court,—is a different thing.

Any party who wishes to re-litigate the questions involved in this record is at perfect liberty to do so. No one was under obligation to await the issue of this litigation for a settlement of those issues, and no one has any vested right in the appeal of the appellant.

The appeal is dismissed.

*Appeal dismissed.*