Fort v. Fort.

FORT *v.* FORT.

(*Nashville.*  December Term, 1906.)

1. **SUPREME COURT PRACTICE.** Assignment of errors must conform to Rule 20.

An assignment of errors that the court erred, (1) in allowing a defendant to withdraw his answer and file a demurrer, (2) in allowing a demurrer to be filed by two defendants before process was served on a third, and, (3) in sustaining defendant's demurrer to the original and amended bills, are not a sufficient compliance, in form or substance, with the rule of the supreme court concurring assignments of error, and will be overruled.

Rule cited:  Rule Twenty, 89 Tenn., pp. 774, 775.

2. **SAME.** Same. Defective, not cured by brief filed within ten days before case is called.

Insufficient and defective assignments of error are not cured by a brief and argument in support thereof filed within ten days before the case is called for hearing.

3. **APPEAL.** Dismissal of, by appellant. Consent of appellee not required, but he is entitled to costs.

It is the general rule that the appellant may have his own appeal dismissed at any time while the cause remains within the jurisdiction of the appellate court, and the appellee cannot object, nor is his consent required, but he is entitled to costs on such - dismissal.

Cases cited and approved:  Cloud v. Wiley, 29 Ark., 81; Latham v. U. S., 9 Wall., 145; Bacon v. Lawrence, 26 Ill., 53.

4. **SAME.** In nature of writ of error from law court merely suspends judgment and supersedes execution. From chancery court vacates decree.

An appeal in the nature of a writ of error prosecuted from the judgment of a law court operates as a mere suspension of the judgment of the lower court and supersedes the issuance of an

execution .therefrom during the pendency of the appeal; but a simple direct appeal from the decree of a chancery court vacates the decree of the lower court, and the cause stands for trial *de novo* in the appellate court.

Cases cited and approved: Franklin v. Franklin, 2 Swan, 521; Thomasson v. Kercheval, 10 Humph., 324; Smith v. Holmes, 12 Heisk., 466; Morris v. Richardson, 11 Humph., 389; Maskall v. Maskall, 3 Sneed, 208.

5.. **SAME.** Acts 1885, ch. 21, modifies rule in chancery cases only to extent of preserving lien pending appeal.

The effect of ch. 21, Acts 1885, providing, in substance, that decrees of courts of equity, when appealed to the supreme court, shall be a lien upon the property of the defendant in like manner as judgments at law, was to so modify the rule stated in the last preceding headnote in respect of decrees of chancery courts as to continue them in force upon an appeal, where moneyed or other judgments were pronounced, to the extent of preserving the lien pending the appeal, but the operation of the act is limited to those cases only where the judgments pronounced constitute liens.

Act cited and construed: 1885, ch. 21.

6. **SAME.** Statute requires same bond and proceedings in appellate court on appeal in nature of writ of error as on appeal, but distinction in effect is maintained.

Notwithstanding our statute requires the same bond of appellants, and the proceedings in the appellate court are the same, on an appeal in the nature of a writ of error from a judgment at law and a simple appeal from a decree in equity, the distinction in the effect of the appeal on the judgment of the court appealed from is maintained—in the one case merely suspending, and in the other vacating, the judgment appealed from.

Code cited: Sec. 4910 (S.); sec. 3894 (M. & V.); sec. 3175 (1858.)

Fort v. Fort.

7.  **SAME. May be dismissed by appellant, but case cannot be dismissed by him after judgment.**

 Although the appellant has the right to dismiss the appeal at any time, upon payment of costs, and the consent of appellees thereto, is not required, this right is limited to the appeal, and the case cannot be dismissed by appellant after judgment is pronounced.

8.  **SAME. Dismissal of, in nature of writ of error, affirms judgment. In chancery case, effect and terms of, in discretion of court.**

 The effect of the dismissal of an appeal in the nature of a writ of error is to affirm the judgment of the lower court; but the effect of the dismissal of a simple appeal from a decree in a chancery cause, and the terms upon which the dismissal may be had, are left to the sound discretion of the appellate court.

9.  **SAME. Dismissal of, from money decree. Appellee should have benefit of security given by appellant on appeal.**

 If the judgment or decree appealed from in an equity case is in favor of either party against the other for money, and the appeal be prosecuted under the statute requiring security for the judgment as well as costs, the appellee should be awarded the benefit of the security given by appellant for the judgment obtained below, as a condition precedent to the dismissal of the appeal by appellant.

10. **SAME. Dismissal of, where bill was dismissed on demurrer No terms imposed except payment of costs of appeal. Case in judgment.**

 The chancery court sustained a demurrer and dismissed the bill, from which decree the complainants appealed. In the supreme court the appellant asked leave to dismiss the appeal; Held, that no terms will be imposed other than the payment of the costs of the appeal, and the judgment of the lower court will stand as though no appeal had been prosecuted therefrom.

FROM ROBERTSON.

Appeal from the Chancery Court of Robertson County.—J. W. Stout, Chancellor.

Dancey Fort, Joel B. Fort, and True & Dorsey, for Charles H. Fort et al.

A. E. Garner, W. D. Sugg, and Pitts & McConnico, for W. D. Fort et al.

R. H. Sansom, Special Judge, delivered the opinion of the Court.

This case is before us on appeal from the decree of the chancery court of Robertson county. The bill was filed for the purpose of enforcing the specific performance of an alleged contract of sale of real estate, and thereafter an amended bill was filed. To the original and amended bills a demurrer was interposed, which was by the chancellor sustained, and both bills dismissed, and from this decree sustaining the demurrer and dismissing complainant's bills, they have appealed to this court.

The record was filed in this court on the 1st day of September, 1906, and thereafter, on October 18, 1906, appellants assigned errors in these words:

"First.   The chancellor erred in allowing the defendant W. D. Fort to withdraw his answer and file demurrer after his answer was filed.

"Second.   The chancellor erred in allowing a demurrer to be filed by both defendants before process was served upon Mrs. Anna Fort.

"Third.   The chancellor erred in sustaining defendants' demurrer to the original and amended bills."

This was the entire assignment of errors.

On the 20th of February, 1907, appellants filed a brief and argument in support of the assignments of error above set out.   The cause was reached and called for hearing in this court within five days after the filing of this brief and argument.

Upon the call of the case in this court, appellees filed their motion for an affirmance of the chancellor's decree sustaining their demurrer to and dismissing the original and amended bills; the ground of the motion being that no errors had been assigned in accordance with the rules of the court and within the time required thereby.

We need not set out the rules of the court, as they are published in 89 Tenn.   Rule 20 appears upon pages 774 and 775 of this volume of the reports.   An examination of this rule clearly demonstrates that the errors assigned are not in conformance thereto, either in respect of substance or form, and the brief and argument submitted in support of these errors as thus assigned cannot cure the defect, because not filed within the time required by the rule.

Appellants, upon the call of the case for hearing in this court, filed a counter motion to that filed by the appellees, by which they ask and seek leave of the court to dismiss their appeal in the case. And thus the case is before us on the two motions—that of appellees for an affirmance of the lower court's judgment sustaining their demurrer and dismissing the original and amended bills, because of the failure of appellants to assign errors within the rules of this court. It is only necessary to dispose of the motion of appellants for leave to dismiss their appeal, and in making disposition of this motion, the court desires to state the practice clearly upon this question.

We find, on an examination of the authorities, the following general proposition laid down: "It is the general rule that the appellant may have his own appeal dismissed at any time while the cause remains within the jurisdiction of the appellate court. The appellee is entitled to costs upon such dismissal, but cannot object, nor is his consent required." Encyc. Pl. & Pr., vol. 2, p. 351, citing *Warren* v. *Eddy,* 13 Abb. Prac., 28; *Cloud* v. *Wilcy,* 29 Ark., 81; *Latham* v. *United States,* 9 Wall. (U. S.), 145, 19 L. Ed., 771; *Bacon* v. *Lawrence,* 26 Ill., 53.

These authorities, to which many might be added, announce the proper rule, and it is adopted by this court. It is clear therefrom that appellants have the right to dismiss their appeal, and appellees cannot object to their doing so, upon payment of costs, nor is their consent

required; but, while this is true, it does not reach and meet the distinctive and salient questions presented for the court's determination in the present case, which are as to the terms upon which the dismissal of their appeal may be had by appellants, and the effect of such dismissal, if allowed, in respect of the lower court's judgment and decree in the case. In order to a right determination of these questions, a consideration of the subject in a general way will not be amiss, and may be helpful. The common-law rule is thus stated:

"A writ of error at common law removed nothing for examination except the law. Where seasonably sued out and appropriate bond given, it acted as a supersedeas to prevent the issuance of execution on the judgment appealed from. In other respects the judgment remained in full effect and validity as a ground of action, bar, or estoppel. A simple technical chancery appeal, on the contrary, brings up the facts as well as the law for re-examination, and, as the whole case is in effect tried anew, the decree or decision appealed from is vacated and annulled, and no proceeding can be taken thereon until the appeal is determined." Encyc. Pl. & Pr., vol. 2, p. 323, and authorities cited.

This court, in a long line of cases, has recognized and continued the rule, making clear the distinction between the appeal in the nature of a writ of error, as prosecuted from the judgment of a law court, and the simple direct appeal prosecuted from the judgment or decree of a chancery court; the former operating as a mere suspen-

sion of the judgment of the lower court, and superseding the issuance of an execution therefrom during the pendency of such appeal undisposed of, and the latter vacating the lower court's judgment. Only a few authorities need be cited. *Franklin* v. *Franklin,* 2 Swan, 521; *Thomusson* v. *Kercheval,* 10 Humph., 324; *Smith* v. *Holmes,* 12 Heisk., 466.

In *Franklin* v. *Franklin,* 2 Swan, 521, which was a chancery case, this court says: "And although an appeal was taken, it was dismissed on motion of appellants, and this left the decree in the same condition as if there had been no appeal."

In the case of *Morris* v. *Richardson* et al., 11 Humph., 389, this court held that upon an appeal to this court from a proceeding in equity the case is heard in this court upon its merits, as if no decree had been pronounced in the court below, and this court would pronounce such decree as it deemed proper upon the whole case.

In the case of *Maskall* v. *Maskall,* 3 Sneed, 208, this court held that, when a party appeals from the decree of a chancery court to the supreme court, the cause stands for trial in the appellate court *de novo,* as though the case had been originally instituted in that court, and that, upon the death of a party to the litigation pending the appeal, such death abates the case, and not the appeal merely.

In the case of *Smith* v. *Holmes,* 12 Heisk., 466, this court said: "It was said by this court at the April

term, 1871, at this place [Jackson], in the case of *Pond* v. *Trigg* [5 Heisk., 532], that it is the settled doctrine of this court that the broad appeal vacates the judgment of the inferior court, while the appeal in error merely suspends the judgment of the inferior court, and does not annul or destroy it. The simple appeal operates as an immediate transfer of the case to the appellate court, puts an end to the further control of the inferior court, and operates also to annul its judgment, which, in legal contemplation, ceases to exist after the appeal is granted."

This case (*Smith* v. *Holmes*), wherein a number of the authorities are reviewed, had before it the question as to whether or not the simple appeal vacated the judgment of the chancery court and released its lien upon lands, and it was held that it did release the judgment lien upon land by reason of its vacation of the judgment or decree.

After this case had been decided, and possibly to meet this holding of the court, the legislature passed in 1885 an act in these words:

"Be it enacted by the general assembly of the State of Tennessee, that from and after the passage of this act, judgments and decrees of courts of equity in this State when appealed to the supreme court, shall, notwithstanding said appeal, be a lien upon the property of the defendant or defendants to the same extent and in like

manner as judgments at law or in courts of record."
Chapter 21, p. 68, Acts 1885.

The effect of this act was to so modify the common-law
rule in respect of the judgments and decrees of chancery
courts as to continue them in force upon an appeal,
where moneyed or other judgments were pronounced,
to the extent of preserving the lien pending the appeal;
but the effect of the act and its application is limited to
those cases only where the judgments pronounced con-
stitute liens, and does not extend to any other class of
judgments or decrees.

Under our statute (Shannon's Code, sec. 4910) the
bond required of appellants and the proceedings in
the appellate court are the same on an appeal in the
nature of a writ of error as upon a simple appeal, yet
the distinction in effect upon the judgment of the lower
court appealed from is maintained and kept clear in all
our decided cases—in the one case, merely suspending,
and in the other vacating, the judgment pending the ap-
peal.

The clear deduction from all the authorities is that
the appellant has the right to dismiss his appeal upon
payment of costs, and the consent of appellees therefor
is not required, nor can they object thereto.   This,
however, is limited to the appeal, and not the case.
While the appeal may be dismissed, the case cannot be
dismissed after judgment is pronounced.

The effect of the dismissal of an appeal in the nature
of a writ of error is to affirm the judgment of the lower

court, because the appeal merely suspends judgment pending the appeal. The effect of the dismissal of a broad simple appeal from the decree and judgment pronounced in a chancery cause is left within the sound discretion of this court, as well as the terms upon which the dismissal may be had. This is the case, because the broad simple appeal brings the entire cause to this court for re-examination and determination. Some of the cases say that such appeal makes the trial of the cause in this court *de novo,* and by this is meant that this court may review the entire record of the lower court, both in respect of matters of law as well as fact, and may determine, promulgate, and maintain the rights of all parties litigant, both appellants as well as appellees; so that this court, having before it the parties and subject-matter of the litigation for a full trial upon the merits, may impose such terms in respect of the dismissal of an appeal as in its judgment it shall deem right and proper. If the judgment of the lower court were in favor of either party, against the other for money, and the appeal be prosecuted under the statute requiring security for the judgment as well as costs, then it is but reasonable, as one of the terms to be imposed by this court upon a dismissal, that the appellee in such case should be awarded the benefit of the security given by appellant for the judgment obtained below as condition precedent to the dismissal of the appeal. But where there is no moneyed judgment below, and the

decree is simply in dismissal of the complainant's action or bill, the court may impose such terms as it may deem right and proper. The underlying principle governing and controlling the action of this court in all cases of broad appeal from the decree and judgments of the chancery court, in fixing the terms upon which a dismissal of an appeal may be had by appellants, is, and must be, to preserve, protect, and promote the rights and best interests of all parties, appellants and appellees; and the court will be governed in each case by the particular facts of that case, directing its action toward the preservation of rights and the prevention of injury or damage to any of the parties litigant. In doing this, it may either affirm the judgment of the lower court and award judgment here against the sureties on the appeal, or it may simply dismiss the appeal and leave the judgment of the lower court to stand just as though no appeal had been prosecuted therefrom. In the present case, the appeal being prosecuted from the lower court's decree sustaining a demurrer to the bills, original and amended, of the complainants, in the exercise of that discretion vested in it this court sees no reason for imposing other terms in the allowance of the dismissal of the appeal than the payment of the costs of appealing.

The motion, therefore, of appellants to dismiss their appeal is granted, upon their payment of all costs incident to the appeal, and the judgment of the lower court will stand as though no appeal had been prosecuted therefrom.