PAUL L. HORNE *v.* PEOPLE'S FINANCE & THRIFT COMPANY,
*et al.**

(*Nashville.* December Term, 1927.)

Opinion filed June 16, 1928.

### APPEAL. COSTS.

An appeal will not be entertained merely to dispose of a matter of
costs, even where the successful party is absolutely entitled
thereto; and this rule applies even though the event which renders
it impossible for an appellate court to grant relief, or which
renders a decision unnecessary, occurs pending the appeal. (Post,
p. 169.)

Citing: State ex rel. v. Bush, 141 Tenn. (14 Thomp.), 229.

---

*Headnotes 1. Costs, 15 C. J., section 609; 2. Appeal and Error, 4
C. J., section 2383.

---

### FROM SHELBY.

---

Appeal from the Chancery Court of Shelby County.—
HON. M. C. KETCHUM, Chancellor.

J. O. BOMER, JR., for appellant.

SOHM, HUMPHREYS & POLK and R. G. KINKLE, for appellees.

MR. JUSTICE SWIGGART delivered the opinion of the
Court.

Appellant filed his original bill to enjoin the issuance
of an execution on a judgment at law, on the ground that
the judgment had been rendered as a confessed judg-

ment on a promissory note, by virtue of a power of attorney which appellant charged was void.

A preliminary injunction was obtained, but on the hearing of a demurrer interposed by appellees, the injunction was dissolved and the bill was dismissed.    Thereupon appellant perfected his appeal to this court.

The reply brief of appellees, duly signed by their solicitors of record, contains the following:

"Before answering the brief and argument of appellant I wish to say that the note in this controversy has been paid in full by one of the parties primarily liable since the perfecting of the appeal in this cause.    Therefore there remains nothing to decide by this Honorable Court but the question of who the cost will be assessed against.    This matter of course is not in the records due to the fact that payment of note was made after appeal was perfected."

This statement of appellees is not challenged or denied by appellant.

*(1)*   In *State ex rel.* v. *Bush,* 141 Tenn. (14 Thomp.), 229, it was held by this court that "an appeal will not be entertained merely to dispose of a matter of costs, even where the successful party is absolutely entitled to costs."

Authorities are cited in that opinion to the effect that this rule will be applied even though the event which renders it impossible for an appellate court to grant relief, or which renders a decision unnecessary, occurs pending the appeal.    The fact that the note upon which the judgment was obtained has been paid by a party primarily liable renders it unnecessary that an injunction should issue, even though the averments of the original bill be true.

The rule above stated requires that the appeal be dismissed, at the cost of the appellant, and this will be done,