In the Matter of J. B. LYON COMPANY, Appellant, against FRANK L. MORRIS, as Superintendent of the Division of Standards and Purchase of the State of New York, et al., Respondents.

(Argued April 13, 1933; decided April 25, 1933.)

*Rollin B. Sanford* and *John T. DeGraff* for appellant.

*John J. Bennett, Jr.,* Attorney-General (*Henry Epstein* of counsel), for respondents. Petitioner is not entitled to

peremptory mandamus. (*Matter of American Woman's Realty Corp.* v. *N. Y. Edison Co.*, 145 Misc. Rep. 316; *People ex rel. Equitable Life Assur. Soc.* v. *Chapin*, 103 N. Y. 635; *People ex rel. Wooster* v. *Maher*, 141 N. Y. 330; *Matter of Burr* v. *Voorhis*, 229 N. Y. 382.)

POUND, Ch. J. The fundamental question which arose in this proceeding was whether it was the clear legal duty of the Superintendent of the Division of Standards and Purchase and the Secretary of State to deliver to the petitioner, J. B. Lyon Company, which held the general contract for State printing for the year July 1, 1931, to June 30, 1932, the copy of material from which it could print the election supplies for the Department of State for the election of 1932.

The State election printing for the year 1932 was done under a separate contract, let independently of the general contract, according to the custom prevailing from the year 1922 to 1931. J. B. Lyon Company had been a competitive bidder for such contracts, and a purchaser thereof from other bidders when they had received the award. The Appellate Division has held that under a practical interpretation of petitioner's contract it was not entitled to the election printing.

As the work of election printing of 1932 has already been done, obviously mandamus as prayed for by the petitioner is no longer an appropriate remedy. If the petitioner's contract has been broken by the State, the proper remedy is by a claim to recover damages. The abstract question of the right of J. B. Lyon Company to do the election printing under a contract which itself expires on June 30, 1932, is not of such general interest or importance as to call for a departure from the practice not to decide questions which have become academic or abstract by lapse of time.

The question of law presented may be left undecided

without serious embarrassment to any one except the petitioner. Questions affecting the entire State calling for a rule affecting numerous other transactions of a similar character and liable to arise with frequency are sometimes considered as an exception to this rule. (*Matter of Norton*, 158 N. Y. 130; *Bush* v. *O'Brien*, 164 N. Y. 205, 214.)

It has, however, been consistently held that only exceptional cases, where the urgency of establishing a rule of future conduct is imperative and manifest, will justify a departure from our general practice. (*Delavan* v. *N. Y., N. H. & H. R. R. Co.*, 216 N. Y. 359.)

The appeal should be dismissed, with costs.

CRANE, LEHMAN, KELLOGG, O'BRIEN and CROUCH, JJ., concur; HUBBS, J., not sitting.

Appeal dismissed.