## BULLOCK v. ENGLERT et al.
### No. 10710.

Court of Civil Appeals of Texas. Galveston.

Feb. 16, 1939.

Rehearing Denied March 8, 1939.

Reid & Strickland, of Goose Creek, for appellant.

Mark M. Carter, of Goose Creek, for appellees.

MONTEITH, Chief Justice.

This is an appeal from a judgment of the County Court at Law No. 2 of Harris County, in favor of appellees, plaintiffs below, for the sum of $297, entered in conformity with a verdict of a jury on special issues.

Appellees alleged and contend that George Englert and Mrs. D. J. Tarpey were the owners of a mercantile establishment known as Tri-City Fruit Company, located at Baytown in Harris County, Texas; that on March 5, 1937, the said George Englert and Mrs. D. J. Tarpey, joined by her husband, D. J. Tarpey, sold said property to appellant, Max S. Bullock; that as a part of the consideration for said purchase, in addition to the cash purchase price agreed upon, Bullock assumed

and agreed to pay the unpaid balance due the Warren Refrigerator Company, Inc., on a Frigidaire case and machine included among the fixtures of the Tri-City Fruit Company. D. J. Tarpey, the husband of Mrs. D. J. Tarpey, was joined in the action pro forma.

Appellant answered by general demurrer, general denial, and pled particularly that said Frigidaire was unsatisfactory, and that appellees had agreed to have it repaired. No exception was filed by appellant challenging the capacity of Mrs. Tarpey to sue, or the pro forma capacity of D. J. Tarpey, though in a motion for an instructed verdict filed by appellant at the concluding of the taking of evidence, error was assigned on account of an alleged variance between plaintiffs' allegations and proof.

In answer to issues submitted, the jury found, in substance, that appellees had made every effort to adjust the controversy with reference to the balance due on said Frigidaire but that appellant had failed to cooperate with them in adjusting the controversy.

The record does not disclose that any additional charges were requested, or that any exceptions were taken to the issues submitted by the court.

On this verdict, the court rendered judgment against appellant, Max S. Bullock, and in favor of appellees, George Englert and Mrs. D. J. Tarpey, jointly, for the sum of $297, and found that D. J. Tarpey had no interest in the judgment, but was merely joined pro forma.

The record discloses that some time prior to the sale of said mercantile business, D. J. Tarpey had purchased said Frigidaire and had executed a chattel mortgage to secure the balance due on the purchase price; that in the sale of the Tri-City Fruit Company by appellees to appellant, appellant had assumed and agreed to pay the balance due on said Frigidaire, amounting to $297, and that on appellant's failure to carry out his said agreement, D. J. Tarpey had paid said amount to vendors, the Warren Refrigerator Company, Inc.

The controlling question involved in this appeal is whether, at the time of the filing of this suit, the interest claimed by Mrs. D. J. Tarpey in the Tri-City Fruit Company was her separate property, or whether it was the community property of herself and her husband, D. J. Tarpey.

Appellant contends that since this is an action for damages to a married woman growing out of the transactions of a mercantile business, said damages are the community property of the husband and wife, and the husband alone may sue therefor.

While it is true that damages and revenues derived from a mercantile business conducted by a married woman are community property, the facts in the instant case are distinguishable from the facts in the cases cited by appellant.

In the case of Middlebrook Bros. v. B. L. Zapp et al., 73 Tex. 29, 10 S.W. 732, Julia Meyer, one of the parties thereto, had contributed half of the capital originally invested in the mercantile business, and the business had been conducted for a period of more than two years, during which time the original stock of merchandise had been sold and replenished. The suit grew out of the levy of an execution against her husband, C. W. Meyer, on a portion of said stock of merchandise. The court held that the goods comprising the stock of merchandise were the property of those who entered into co-partnership with the wife, and the community estate of the wife and husband.

The case of Ainsa v. Moses, Tex.Civ. App., 100 S.W. 791, is an action to recover damages for a wife's loss of credit as a merchant and the destruction of her business. The court held that these damages were community property and recoverable only by her husband.

The case of Hill v. Kelsey et al., Tex. Civ.App., 89 S.W.2d 1017, is an action brought by a married woman for board and lodging furnished. The court held that a married woman cannot maintain a cause of action involving community property without alleging some emancipation from her husband, or without his joining with her as a real party. The court based its holding on the fact that Mrs. Kelsey's husband, not having been brought into the litigation in the manner required by law, that his rights in the subject matter had not been litigated.

The instant case in its final analysis does not involve the damages or profits derived from the transactions of a mercantile business. It involves only the payment of the balance due on the purchase price of a single article acquired, not for sale, but as a part of the equipment of said establishment.

The record does not disclose such a denial of appellant's rights as was calculated to prevent him from having made a proper presentation of his case on the trial thereof, or such as could have affected the verdict of the jury. This is particularly applicable to appellant's assignment of error to the failure of appellee to make D. J. Tarpey a real party to the suit.

■ It was held by this Court in the case of Houston Electric Company v. Potter, 51 S.W.2d 754, 759, that the petition by a wife for personal injuries, joined pro forma by her husband, was sufficient as against a general demurrer. The court further held that a husband who joined with his wife in a suit for personal injuries to her in which a judgment was rendered in her favor, was estopped from maintaining another suit therefor. The court in its opinion says:

"The words 'pro forma' as used in the petition, and an apparent allegation of a right of a recovery by the wife, in absence of exceptions and after verdict and judgment, are mere surplusage. Since W. D. Potter, the husband, joined his wife in filing the suit for damages for personal injuries to the wife, and obtained from the court a judgment in favor of the husband and wife, a sum of money for such injuries, the husband is estopped by such judgment from maintaining another suit on such cause of action. The contention of appellant, therefore, that the judgment of the trial court does not estop the husband from bringing suit for the same damages that have been recovered by the community in the case is untenable. In Teague v. Fairchild (Tex.Com.App.) 15 S.W.2d 585, at page 586, it is shown that a judgment for personal injuries to the wife was rendered in favor of the wife. By referring to the opinion of the Court of Civil Appeals in this case (Fairchild v. Davis, 295 S.W. [640] at page 643, col. 2), there is an indication that the suit was brought in the name of the wife with the consent of the husband, presumably of record. Notwithstanding the reasoning of the Court of Civil Appeals in that case, and notwithstanding Arnold v. Leonard, 114 Tex. 535, 273 S.W. 799, duly considered by the Court of Civil Appeals and by the commission, the commission held the recovery by the wife, and the husband's action, tantamount to a gift to the wife (15 S.W.2d [585] page 589); citing Southern Pacific Co. v. Ulmer (Tex.Com.App.) 286 S.W. 193, the reasoning of which had been rejected by the Court of Civil Appeals. Southern Pacific Co. v. Ulmer (Tex.Com.App.) 286 S.W. [193] page 194, said:

■ "'When the court awarded all of such recovery to the wife, it necessarily meant that nothing was thought to be due the husband by the court. After giving it all to the wife, there was no necessity to say that nothing was awarded to the husband. There was nothing left for him to recover. For that reason, we think this judgment as effectively disposed of the husband as if it had gone on and provided that the husband take nothing by reason of his joinder in the suit.'"

■ The Commission of Appeals, in the case of Southern Pacific Co. v. Ulmer, 286 S.W. 193, 194, above cited, held further that: "Subject to the prior rights of creditors, the husband, under our law, has always had the right to give to the wife, as her separate property and estate, any part of the community estate. Such action has frequently been taken by the husband. In this case, he accepted the judgment, and was willing for her to recover, not only what was due her separate estate, but also such expenses as may have been due the community estate. Since it was satisfactory to both parties to the community that the wife recover all the money, we see no reason why there should be any complaint."

■ Under the pleadings of appellees that Englert and Mrs. D. J. Tarpey were the owners of and in possession of said personal property at the time of the filing of this suit, and the testimony of D. J. Tarpey that he did not own any interest in the business, but that it belonged to his wife and father-in-law, it is to be presumed that the court found from the evidence adduced that D. J. Tarpey, prior to the filing of this suit, had made a gift of whatever interest he had in the subject matter of the suit to his wife as her separate property, and that having so found, he rendered judgment in favor of George Englert and Mrs. D. J. Tarpey, and found that D. J. Tarpey had no interest in the judgment but is joined pro forma only.

For the reasons above stated, the judgment of the trial court will be in all things affirmed.

Affirmed.