FEDERAL FIREFIGHTERS OF OAK RIDGE *et al. v.* ROANE-ANDERSON CO. *et al.*

(*Knoxville,* September Term, 1947.)

Opinion filed December 8, 1947.

Lowe & Thomson and W. O. Lowe, all of Knoxville, for appellants.

R. Arnold Kramer, Porter C. Greenwood and Poore, Kramer, Cox & Overton, all of Knoxville, for appellee Roane-Anderson Company.

William F. Barry, Sol. Gen., for appellee Roy H. Beeler, Atty. Gen.

Charles L. Cornelius, of Nashville, *amicus curiae*.

Mr. Justice Tomlinson delivered the opinion of the Court.

By Chapter 36 of the Public Acts of Tennessee for the year 1947, the General Assembly enacted the act interchangeably referred to as the "Anti-Closed Shop Act" or "The Right to Work Act". This act purports to make it unlawful for an employer to enter into a contract which excludes any person from employment because of affiliation with or refusal to join or membership in any labor union or employee organization of any kind or to exclude from such employment any individual because of failure to pay dues, etc., to such labor union or employee organization.

The Federal Firefighters of Oak Ridge is that labor organization certified by the National Labor Relations Board as the exclusive bargaining agent for certain employees of Roane-Anderson Company. This labor union, together with certain other labor organizations, filed its bill in the Chancery Court of Anderson County under our Declaratory Judgment Law. Code 1932, sec. 8835 *et seq.* The relief prayed was that it be adjudged that the act violates certain sections of our Federal Constitution and certain sections of our State Constitution, and hence is void. The persons named defendants to this bill were the employer, Roane-Anderson Company, and Roy H. Beeler, Attorney General of Tennessee, the latter being made a defendant, as required by law, because the constitutionality of the act is attacked.

The Chancellor sustained the demurrer interposed by defendants and held the act a valid enactment. Complainants perfected their appeal. Thereafter, they, the appellants, and defendants, the appellees, made joint application for the transfer of the case to the docket of this Court in Nashville to the end that the question raised on the appeal be speedily determined, it being represented to the Court that it was a matter of great public interest. The Court accommodated the parties and fixed June 3, 1947 for the hearing of the case. It seems, however, that the parties may have subsequently concluded that the public interest either had abated to some extent or did not require such haste, because thereafter on application of the appellants and without objection upon the part of the appellees the case was continued to the September term and retransferred to Knoxville for hearing on the second day of that term. Before the case was called for argument upon the date fixed the appellants filed their written motion "to be allowed to volun-

.tarily withdraw their appeal'' and when the case was called for argument orally renewed their motion, which motion was resisted by the appellees. Argument thereon was heard along with such oral argument as the parties elected to make as to the constitutionality of the act. The appellants made no oral argument whatever as to its constitutionality. Confining their observations to the question of their right to dismiss the appeal. The entire matter was taken under advisement by this Court and briefs supporting the opposite contentions on the motion have been submitted, as well as briefs upon the constitutionality of the act.

At the outset of our consideration of this motion it must be observed that, generally speaking, it is most unusual not to permit an appellant to dismiss the appeal if in doing so the rights of the parties are preserved and injury or damage to any of the parties litigant will not follow. The general rule is declared in our case of *Fort* v. *Fort*, 118 Tenn. 103, at page 108, 101 S. W. 433, 435, 11 Ann. Cas. 964, viz:— ''We find, on an examination of the authorities, the following general proposition laid down: 'It is the general rule that the appellant may have his own appeal dismissed at any time while the cause remains within the jurisdiction of the appellate court. The appellee is entitled to costs on such dismissal, but cannot object, nor is his consent required.' . . . These authorities, to which many might be added, announce the proper rule, and it is adopted by this court. It is clear therefrom that appellants have the right to dismiss their appeal, and appellees cannot object to their doing so, upon payment of costs, nor is their consent required.'' In that case, however, the Court took notice of an exception to the general rule where prejudice would thereby follow, saying:—''The court will be governed in each case by the particular facts of that case, directing its ac-

tion toward the preservation of rights and the prevention of injury or damage to any of the parties litigant.'' The rule as thus declared by our Court seems to be in accord with the general rule. In 3 American Jurisprudence, page 321, it is stated thus:—''In the absence of a statute expressly or impliedly prohibiting the withdrawal of an appeal or error proceeding, an appellant or plaintiff in error may dismiss his appeal or writ of error without regard to the consent of the appellee or defendant in error, unless the latter will be prejudiced thereby.'' The text in 4 *Corpus Juris Secundum,* Appeal and Error, sec. 1350, is ''appellant, being under no obligation to appeal, will, as a rule, be permitted to withdraw or to dismiss his appeal.'' Unless, therefore, the appellees or one of them will be prejudiced by permitting a dismissal of the appeal, a refusal to permit such dismissal upon proper terms, would be a departure from the general rule so long followed by this Court and courts of many other jurisdictions.

In considering whether or not appellees would be prejudiced by permitting a dismissal of the appeal, it is of importance to ascertain the status in which the case would then be left. In the case of *Fort* v. *Fort, supra,* it was held that upon such dismissal of the appeal the Court ''may either affirm the judgment of the lower court and award judgment here against the sureties on the appeal, or it may simply dismiss the appeal and leave the judgment of the lower court to stand just as though no appeal had been prosecuted therefrom''; that is, the status of the case will be an upholding by the decree of the lower court of the validity of the act with no appeal from this action of the court.

■ The contention of the appellees is that this act is of great public interest and, therefore, its constitutionality should be determined so as to ''permit a review

of the decree of the Supreme Court of Tennessee by the Supreme Court of the United States''. Since the position of the appellees in the lower court was that the act is constitutional they, the appellees, could not have appealed from the action of the Chancellor in upholding the act. Therefore, the appellees could not have obtained a review of the question by the Supreme Court of the United States. Thus, to sustain the motion of appellants to dismiss the appeal could not prejudice the appellees upon that score. An annotation upon this subject in 132 A. L. R., page 1190, contains this language:—''The mere fact that the validity or construction of a statute or ordinance is involved in an appeal is not generally regarded as sufficient in itself to justify or require that dismissal be refused''. A number of cases are cited in support of the rule thus stated.

We are brought, therefore, to consideration of the insistence of appellees that there is much ''public interest'' in the question of the constitutionality of this act. That point is considered by the editor in 132 A. L. R., page 1188, wherein it is said:—''In the first place it must be remembered that the general rule is to dismiss an appeal which has become moot or which the parties desire to have dismissed, and that the retention of such an appeal because of the public interest therein is an exception to that rule. Hence the inclination of the courts is to refuse dismissal on this ground only under exceptional circumstances and where the public interest clearly appears.'' Cases are cited in support of the text. Those exceptional circumstances do not here appear. It is elementary that ''there is a presumption in favor of the validity of Acts passed by the Legislature.'' *Joyner* v. *Priest*, 173 Tenn. 320, at page 326, 117 S. W. (2d) 9, 11. In addition to this presumption, there is in the instant

case a decree of the lower court upholding the validity of the act. That is the position which appellee, Roane-Anderson Company, and the Attorney General of the State both take. The Attorney General, of course, has no duty to perform under the act so long as its constitutionality is not attacked. If this appeal is dismissed, its constitutionality is not under attack.

Appellees cite in support of their resistance to the motion to dismiss the case of *State ex rel. Scandlyn* v. *Trotter*, 153 Tenn. page 30, 281 S. W. 925, and the case of *McCanless, Commissioner*, v. *Klein*, 182 Tenn. page 631, 188 S. W. (2d) 745. With utmost deference to appellees, we do not think those cases are in point. In each of these cases the lower court held the act under attack to be unconstitutional. They were cases in which public officials were called upon by the act to perform certain public duties, if the acts were constitutional. In the *Trotter case* this Court said:—"However, as before stated, the constitutionality of the act was challenged on several grounds, and this attack was sustained by the trial judge, and *in this situation* it is proper that this court should pass upon the constitutionality of the act in this case." Page 34 of 153 Tenn., page 926 of 281 S. W. In the *McCanless* v. *Klein case, supra*, this court said:—"The validity of asserted powers of a governmental agency is challenged, *and has been denied by the court below.*" Page 638 of 182 Tenn., page 747 of 188 S. W. (2d). The emphasis is ours. In each case the motion to dismiss the appeal was denied because the lower courts had held invalid acts which required the exercise of certain public duties by public officials. We have just the opposite of that situation in the instant case. The act has been adjudged valid, and no appeal therefrom is had, if we dismiss this appeal. There are then no duties to be per-

formed by public officials; or, if so, no adjudication of invalidity to hamper them.

■ It seems to us that if the public is greatly interested in the validity of this act, that the interest of the public will better be served by our decision one way or the other in a case in which the parties are contesting its validity, rather than in a case in which, if this appeal is dismissed, its validity is presumed, and not under attack. So, upon the authorities referred to and for the reasons stated, we are constrained to follow the general rule and to grant this motion. The motion, therefore, of appellants to dismiss their appeal is granted, and the judgment of the lower court will stand as though no appeal had been prosecuted therefrom. All costs will be paid by appellants and their sureties.

All concur.