STATE OF TENNESSEE ex rel. JOHN LEE WEST,
ATTORNEY GENERAL, etc., Appellees

*v.*

J. KYLE KIVETT, Appellant.

(*Knoxville,* September Term, 1957.)

(May Session)

Opinion filed December 6, 1957.

Andrew Johnson, R. R. Kramer, Knoxville, Kramer, Dye, McNabb & Greenwood, Knoxville, of counsel, for appellant.

John Lee West, Attorney General, for 19th Judicial Circuit, Oneida, G. Howard Nevils, Tazewell, for appellees.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

That which is to be decided is (1) whether this case has become moot, and, if so, (2) whether the Court should depart from its usual practice of declining to decide a moot case.

Kivett, while County Judge of Claiborne County, was sentenced in January of 1957 to the penitentiary for a term of three years and adjudged infamous following, and because of, his conviction of embezzlement of county funds. The Attorney General for that judicial circuit, because of said sentence, and while appeal from said conviction was pending, promptly instituted *quo war-*

*ranto* proceedings, T.C.A. sec. 23-2801, stating in said bill that he was instituting such proceedings ''for the purpose of prohibiting the defendant Kyle Kivett from usurping and illegally holding and conducting the office of County Judge of Claiborne County, Tennessee, and or attempting to do so.''

The prayer of this bill was that Kivett be declared to have vacated and ''forfeited'' his office by reason of this conviction. As justification for the relief prayed the Attorney General relied upon T.C.A. sec. 8-2801 to the effect that: ''Any office in this state is vacated: * * * (6) By the sentence of the incumbent, by any competent tribunal in this or any other state, to the penitentiary, subject to restoration if the judgment is reversed, but not if the incumbent is pardoned.''

Kivett's demurrer asserted the proposition that Section 6 of Article 6 of the Constitution ''provides the sole and exclusive method by which a county judge may be removed from office, said method of removal being by way of impeachment''. And that to construe Code Section 8-2801 as applying to the office of county judge would be to give it a construction, in so far as that office is concerned, which violates the aforesaid constitutional provision.

The Chancellor adjudged that constitutional provision not applicable to Code Section 8-2801; that Kivett by his conduct had, by reason of said code section, vacated the office ''to the same extent as if he had resigned''; that the suit merely was to enjoin him from interfering with possession of an office already vacated by him. Kivett appealed, and while that appeal was pending died in

June of 1957. When this fact was officially made known this Court inquired as to whether this case had become moot.

The administratrix' insistence is that it is not moot, but that if it is, the nature and importance of the question is such that this Court should decide it. Actually, the question at issue was whether Judge Kivett was the *de jure* county judge after his sentence and conviction.

The administratrix insists that the case is not moot because if this Court reverses the Chancellor, then "without further litigation the proper county warrant would be issued and paid covering the salary due Judge Kivett's estate". The pleadings do not raise that question. Moreover, Claiborne County is not a party to these proceedings. So, if the case be otherwise moot the Court thinks that the salary question does not *per se* justify a decision of such case.

An intervening petition was filed by James D. Estep, Jr., wherein he alleged that the Quarterly Court had elected him to fill the office alleged to have been vacated by the conviction of Kivett. Under an injunction theretofore issued by reason of the petition, etc., of the District Attorney the keys, etc., of the office of County Judge had been taken charge of by the sheriff. The prayer of Estep's petition was that the injunction be modified so as to direct the sheriff to turn the keys, etc., over to him. The injunction was so modified. The administratrix insists that "the case is not moot because the right and authority of the intervening petitioner to perform the duties of the County Judge of Claiborne County are still in issue".

The sole question under the pleadings in this case was whether Judge Kivett's right to the office had been terminated by his conviction. The performance of the duties of the office pending appeal from the date of this conviction until the death of Judge Kivett could have no possible bearing upon what is the answer to that question. So, the performance of those duties during that period does not prevent the question from becoming moot by reason of Judge Kivett's death if it otherwise is. Was it rendered moot by reason of his death?

*State ex rel. Wilson v. Bush,* 141 Tenn. 229, 231, 208 S.W. 607, 608, was an ouster proceedings to remove Bush from the office of sheriff for alleged malfeasances. His term of office expired pending appeal. The appeal was dismissed with the statement that "the court cannot retain jurisdiction of an ouster suit where the defendant's term of office has expired, where nothing can be done upon decree here except to tax costs."

*State ex rel. Phillips v. Greer,* 170 Tenn. 529, 531, 98 S.W.2d 79, was likewise a proceedings to oust from office a justice of the peace. Pending the appeal, his term of office expired. The appeal was dismissed with this statement: "It has been uniformly ruled that after expiration of the term of office a proceeding to oust the official is moot. Appeals pending when the term of office expired have been uniformly dismissed not only by the courts of other states but by the courts of this state."

*State ex rel. Agee v. Hassler,* 196 Tenn. 158, 160-161, 264 S.W.2d 799, 800, was likewise a proceedings to oust a county superintendent of education for alleged wrongful acts. While the case was pending on appeal his term

expired. The appeal was dismissed with the statement that: "* * * since the only valid decree which could be rendered under the pleadings in this case, would be a decree to remove Defendant from a term of office which expired on January 12, 1953, such a decree would be a vain and useless thing, and therefore, the questions presented here are moot."

On principle upon which the foregoing decisions are based this Court is of the opinion that the question as to whether Kivett was entitled to hold the office pending appeal of his conviction became moot by reason of his death during that period. A decree affirming or reversing the Chancellor can have no effect whatsoever within the pleadings in this case on any one. To decree, therefore, such an affirmance or reversal would be a vain and useless thing unless, as is so earnestly insisted by counsel for the administratrix, it should be decided, though moot, because it will enlighten the public upon a very important constitutional "question of considerable public interest affecting the rights of all the members of the judiciary of this State". And that question, abstract here, is whether the Legislature can constitutionally enact a statute providing that the conviction of a judge of a felony *ipso facto* vacates his office.

*Beck v. Puckett*, 2 Tenn.Cas. (2 Shannon) 490, 495, decided in 1877, declared the practice of this Court to be that a constitutional question

"will only be adjudged when it is presented in a case which cannot otherwise be disposed of, and in which a decision upon it become absolutely necessary. Such is the rule of this court, and such the tenor of the standard authorities upon the subject."

In 1909 *Richardson v. Young,* 122 Tenn. 471, 524, 125 S.W.2d 664, 676, this court again declared such to be its rule in this language:

"Therefore, since the determination of this question would not affect the rights of the parties to this cause, we will, under the rule of courts not to pass upon the constitutionality of a statute, when not required for the decision of the case, refrain from expressing any opinion upon the merits of this contention."

This rule of Court was reiterated in 1948 in *Phillips v. West,* 187 Tenn. 57, 61, 62-63, 213 S.W.2d 3, 5, the language of the decision being this:

"A Court determines the constitutionality of a legislative enactment only when upon proper presentation it is necessary to a decision of a material issue under consideration."

One year later this Court stated in the course of its opinion in *State ex rel. Loser v. National Optical Stores Co.,* 189 Tenn. 433, 444, 225 S.W.2d 263, 268, that it

"will not pass on the constitutionality of a statute, or any part of one, unless it is absolutely necessary for the determination of the case and of the present rights of the parties to the litigation."

It repeated such to be its rule in 1953 in *City of Greenfield v. Callins,* 195 Tenn. 285, 287, 259 S.W.2d 525, 526, saying:

"This Court will only pass upon the constitutionality of an ordinance or statute when such action is necessary to a disposition of the case."

There are two decisions of this Court in which the foregoing rule so often declared was not followed. The first of those cases is *State ex rel. Scandlyn v. Trotter,* 153 Tenn. 30, 34, 281 S.W. 925. The statute involved there made it mandatory upon the Quarterly Court of a certain county to make appropriations each year in the amount fixed by the County Board of Education for the purchase of free text books. It was sought to mandamus the Quarterly Court into making this appropriation. While the case was pending on appeal from the action of the Court in refusing this application it became too late to make the appropriation for that year. Hence, the question was moot as to that particular transaction. But other years were to come. So the Court said that in view of the fact that the Trial Court had adjudged the act unconstitutional "it is proper that this Court should pass upon" its constitutionality.

The second of the foregoing decisions is *McCanless v. Klein,* 182 Tenn. 631, 636-637, 188 S.W.2d 745. The Commissioner of Finance and Taxation had suspended for a period of six months Klein's license as a liquor distributor because of a violation of a regulation of the Commission promulgated under the authority of a statute. The Trial Court sustained Klein's contention that this statute was unconstitutional. While the case was pending on appeal the six months period of suspension expired. So, as to that particular case the question became moot. This Court, however, deemed it proper to determine the constitutionality of the Act since it involved interests of a public character.

It is to be noted in each of the two cases mentioned the right of a governmental agency to perform certain duties of a public nature had been successfully challenged in the Trial Court. They were continuing duties. Until this Court of last resort settled it, the question, whether to exercise this governmental duty would be left in doubt, to the detriment of the public. No doubt the Court in each of those cases felt that it fell within the exception stated in the New York case of *J. B. Lyon Co. v. Morris*, 261 N.Y. 497, 185 N.E. 711, referred to in 132 A.L.R. 1189. There the Court said with reference to this question: "It has * * * been consistently held that only exceptional cases, where the urgency of establishing a rule of future conduct is imperative and manifest, will justify a departure from our general practice."

The question of whether Kivett had the right to retain the office of County Judge pending his appeal is not a question of public interest within the spirit and intent of these two Tennessee cases which departed from the general and often repeated rule. On the other hand, as to this phase of the matter, the case at bar seems to come within the ruling of the Illinois case of *Adkinson v. Gahan*. 114 Ill. 21, 28 N.E. 380, annotated in 132 A.L.R. 1189, as follows: "It is not sufficient that the public may have some purely incidental interest in the appeal if the case is one which concerns only the rights of private parties."

As noted one element which Courts, in departing from the rule, considered important was the probability of the question arising often. The Kivett case does not fall within that category. On the other hand, the infrequency of its arising is a fact. The Washington Court took notice

of that in *State ex rel. Guthrie v. Chapman,* 187 Wash. 327, 60 P.2d 245, 247, 106 A.L.R. 640, 643. There a public official of some character had been convicted of a felony which fell within the statute providing for a vacancy upon conviction, and pending appeal. The Court in commenting on the lack of precedent said that ''in the very nature of things * * * cases of this kind are, fortunately, infrequent.''

The Court is of the opinion that this case is not such as to justify a departure from the long and well established rule that it will not decide a moot question, though it be the question of the constitutionality of a statute. If the question is one of much incidental public interest, as indeed it may be, it would seem to be a fact that the interest of the public would be better served by awaiting a case in which there is actually a party before it claiming the office rather than when the question, as here, is simply academic. Compare *Federal Firefighters of Oak Ridge v. Roane-Anderson,* 185 Tenn. 320, 327, 206 S.W.2d 369.

The appeal will be dismissed. The costs of the Trial Court will be as there adjudged. *State ex rel. Wilson v. Bush,* 141 Tenn. 299, 208 S.W. 607. The costs in this Court will be taxed to the appellant. *Horne v. People's Finance & Thrift Co.,* 157 Tenn. 168, 7 S.W.2d 40.