TENNESSEE NEGRO FUNERAL DIRECTORS ASSOCIATION

*v.*

BOARD OF FUNERAL DIRECTORS AND EMBALMERS OF THE STATE OF TENNESSEE et al.

(*Nashville,* December Term, 1959.)

Opinion filed February 5, 1960.

ROBERT E. LILLARD, J. VICTOR BARR, JR., Nashville, for appellants.

ALLISON B. HUMPHREYS, Solicitor General, for Attorney General, and the Governor.

JAMES M. SWIGGART, Special Assistant Attorney General, for Board of Funeral Directors and Embalmers.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

The unincorporated association of Licensed Funeral Directors and Embalmers organized under the name of Tennessee Negro Funeral Directors Association instituted this suit under the declaratory judgment statute seeking a decree adjudging unconstitutional a certain provision in Section 3 of Chapter 13 of the Public Acts of 1951 carried at Title 62-502, T.C.A.

This Section 3 provides for the appointment by the Governor of five (5) persons with specified qualifications as members of the Board of Funeral Directors and Embalmers for the State. After providing that "at least three (3) members of said board shall be licensed embalmers", there follows the sentence which the bill seeks to have adjudged unconstitutional. It reads as follows:

"As vacancies occur, the governor shall fill the same from a list approved and certified to him by the State Association of Funeral Directors—said list to contain at least three (3) names."

The membership of the State Association of Funeral Directors referred to in the above quoted provision consists entirely of white persons. The membership of the Tennessee Negro Funeral Directors Association consists entirely of Negroes. It is the position of the Negro Funeral Directors Association that the provision under attack has the effect of preventing any Negro from becoming a member of the Board. Apparently this insistence is based upon the presumption that the State Association of Funeral Directors will approve and certify to the Governor for appointment on the Board only persons who are members of the State Association of Funeral Directors; that is, white persons.

Based upon the premises stated, Tennessee Negro Funeral Directors Association insists that the provision in question violates the due process clause of the 14th amendment to the Federal Constitution, in that by that provision, so they say, members of its Association are "systematically excluded from representation on the board".

Before the case came on for hearing the Legislature by its Chapter 314 of the Public Acts of 1959 expressly repealed the above quoted objected to provision in Section 3 of Chapter 13 of the 1951 Public Acts. The Chancellor dismissed the bill, therefore, for the reason that the question which the bill sought to have determined is moot since said provision "is no longer the law of the State".

The complainants below prayed and were allowed this appeal.

By reason of the 1959 repeal of the provision under attack, the question did become moot. The long and well established rule in this State is that the Court "will not decide a moot question, though it be the question of constitutionality of a statute". *State ex rel West v. Kivett,* 203 Tenn. 49, 308 S.W.2d 833, 837, *Federal Firefighters of Oak Ridge v. Roane-Anderson Co.,* 185 Tenn. 320, 206 S.W.2d 369.

The provision inserted by the 1959 Act in lieu of the aforesaid repealed provision of the 1951 Act reads as follows:

"As vacancies occur, the governor shall fill the same by appointment of a person qualified according to this chapter, and in so doing he is authorized to consider as qualified and available for appointment those persons whose names appear on a list approved and certified to him by the state association of funeral directors — said list to contain at least three (3) names." See Title 62-502 T.C.A., 1959 Code Supplement.

The insistence of Tennessee Negro Funeral Directors Association is that the 1959 Act changed nothing in that members of that association "so long as said section exists" "will be systematically excluded from" membership on the board.

The Court is not justified to the slightest extent in assuming the truth of the above stated assertion of appellants. It cannot assume that the list approved and certified to the Governor by the Tennessee Association of Funeral Directors will not contain the name or names of Funeral Directors and Embalmers who are members of the Negro race. Nor may the Court assume that the Governor will appoint only those on this list. The 1959 Act only *authorizes* the Governor to appoint one or more of those qualified persons whose names appear on that list. But he is not required to do so.

The decree of the Chancellor will be affirmed.