Alexander Del Gtorno, J.
This is a motion by the claimant, as administratrix of John Atkins, deceased, for an order *720 granting an inspection of the prison and hospital records pertaining to John Atkins at the Woodbourne Correctional Institution, and such other State institutions in which he may have theretofore resided, and making copies thereof.
The motion was submitted by the claimant, and argued by the Attorney-General who, however, offered no affidavits or memoranda in opposition. The Attorney-General made two points in opposition to the motion. Firstly, he opposed the furnishing of copies of the record, and secondly, that the proceedings, if granted, should be held at the institution.
The movant claims his right to such an order under the provisions of section 15-a of the Correction Law. Section 15-a-of the Correction Law states that even though the Commissioner of Correction may make rules as to the privacy of records kept by the department of institutions under its control, he cannot “ authorize refusal of an inspection or withholding of information authorized or required by the court or a judge thereof ’ ’.
It is the opinion of this court that this motion should be granted upon the conditions herein imposed. The claimant, the representative of the estate of the decedent, waives, in her affidavit, any claim of patient-physician privilege. She is the only person who may do so by signing a voluntary statement to that effect. By this act, the claimant removes the duty of the State to protect the hospital and institutional records of the claimant against the whole world except the decedent. The claimant, being the legal alter ego of decedent, has asserted her right to waive such protection of decedent’s institutional and hospital record.
Since the records sought pertain to the decedent only, the inspection need not be controlled by a Judge of this court, as was necessary in Goergen v. State of New York (6 A D 2d 974). In that case, the inspection sought was the parole record of á third person wherein were names of informants whose identity was neither necessary to the ease norr good public policy to reveal. Other than imposing this condition, the Appellate Division, Third Department, permitted an inspection pursuant to section 15-a. of the Correction Law.
The claimant also wishes to make copies of the record. This request is also granted upon the authority of Matter of Bradshaw v. State of New York (5 A D 2d 511). That decision was a modification of an order made by this court, and the pertinent part of the decision states (p. 512): “ The right to examine necessarily implies the right to make notes or copies in aid of memory and for purposes of subsequent study, consultation and analysis. Such a right is specifically provided in section 324 of *721 the Civil Practice Act relating to orders of discovery in actions. The omission of the Legislature to enact similar provisions to implement the right of examination conferred by the Mental Hygiene Law does not seem to us significant as respects construction.”
The court further held in the Bradshaw case (p. 513) that the granting of such an order “ is a matter of interest and importance to the profession and bears directly upon the expeditious conduct of litigation. (See Matter of Lyon Co. v. Morris, 261 N. Y. 497, 499.) ”
And in furtherance of its determination to promote the expeditious conduct of litigation, the court, in the Bradshaw case stated also: ‘ ‘ The order * * * should * * * be further modified so as to provide that applicant be furnished, upon his request and at his expense, a photostatic copy of the hospital record in said order referred to ”.
This court sees no difference between the committee for the incompetent in the Bradshaw case and the administratrix herein. They both stand as the legal representative of the person whose record is sought to be examined.
■Section 15-a of the Correction Law offers no obstacle to an inspection but merely requires an order of the court permitting such inspection where either the rules prohibit it or a consent is not obtainable.
The inspection shall take place at the institution or other place agreed upon by the parties and copies of the record may be made or furnished in accordance with this decision, at a time to be specified in the order. Submit order in accordance with the foregoing.