Kenneth C. Sharp, Appellant,

*v.*

Gregg O'Rear, Commissioner et al., Appellees.

412 S.W.2d 633.

(*Nashville,* December Term, 1966.)

Opinion filed February 10, 1967.

R. C. SMITH, JR., Knoxville, for appellant.

GEORGE F. McCANLESS, Attorney General, and THOMAS E. Fox, Assistant Attorney General, Nashville, for appellees.

MR. SPECIAL JUSTICE WILLIAM J. HARBISON delivered the opinion of the Court.

In this cause the appellant, Kenneth C. Sharp, was arrested by the Knoxville City Police on March 5, 1966, and was charged with reckless driving and driving under the influence of alcohol. His operator's license was taken from him by the Knoxville City Police. He was tried on the charges before the Municipal Court of Knoxville on

June 17, 1966, and was found guilty. He appealed his conviction to the Criminal Court of Knox County, and on September 22, 1966, was found not guilty. The charges were accordingly dismissed. Subsequently appellant's license was restored to him.

While appellant's case was pending in the Criminal Court of Knox County, Tennessee, the Department of Safety issued a Notice of Revocation of his operator's license for a period of six months, based upon his conviction in the Municipal Court. Thereupon appellant filed this suit in the Chancery Court of Davidson County, seeking certain relief which is no longer material, but also challenging the constitutionality of T.C.A. sec. 59-713(d), insofar as the same provides that upon arrest of a person for driving while under the influence of intoxicating liquor, the operator's license of said person shall be taken from him by the arresting officer and deposited with the Clerk of the Circuit or Criminal Court to be held pending the trial of the arrested party, unless ordered by the Department of Safety prior to trial to be returned to the owner.

The chancellor held the statute to be constitutional and this appeal resulted.

Inasmuch as the driver's license of appellant has been restored to him since his suit was filed in the Chancery Court, the issues involved on this appeal would seem to be moot. No decree or judgment rendered by this Court could now affect any rights of appellant. Upon this ground alone the appeal should be dismissed. *State ex rel. West v. Kivett*, 203 Tenn. 49, 308 S.W.2d 833 (1957).

We would make the following observations about the argument of counsel for appellant. Apparently it is his

insistence that certain provisions which were formerly in the Tennessee statutes regarding suspension or revocation of licenses have been repealed. It is his contention that by reason of the "repeal" of these sections, particularly T.C.A. sec. 59-713(b) and T.C.A. sec. 59-713(f), the provisions of T.C.A. sec. 59-713(d), as to the taking of a license upon an arrest for driving under the influence are unconstitutional and in violation of due process of law.

The fallacy underlying this whole position is that neither T.C.A. sec. 59-713(b) nor T.C.A. sec. 59-713(f) has been repealed or modified by the Legislature and both are still in full force and effect. Counsel for appellant does not seem to challenge the constitutionality of the statutes except upon the erroneous assumption that the provisions above referred to have been repealed and are no longer available. He cites no authority or repealing Act to substantiate his contention that these sections have been repealed, and our research has revealed none.

T.C.A. sec. 59-713(a), as it appears in the Supplement to Tennessee Code Annotated for 1966, provides that the Department of Safety is authorized to suspend the license of an operator or chauffeur without preliminary hearing upon a showing by its records or other sufficient evidence that the licensee has committed various offenses or been involved in certain types of accidents, or is otherwise incompetent to operate his vehicle. Some seven specific grounds are listed for the suspension.

As stated, in T.C.A. sec. 59-713(d), there is a further provision, which was amended somewhat by Chapter 241 of the Public Acts of 1957, which provides that upon arrest of a person for driving under the influence of alcohol or narcotics, the driver's license of the operator shall be deposited with the clerk of the court in which the

charges are pending "unless ordered by the department of safety prior to trial to return the same to the owner." There are also provisions for notice by the clerk to the Department of Safety of his receipt of the license and the reason therefor.

T.C.A. sec. 59-713(b), however, always provided, and still provides:

Upon suspending the license of any person as hereinbefore in this section authorized the division shall immediately notify the licensee in writing and upon his request shall afford him an opportunity for a hearing as early as practical within not to exceed twenty (20) days after receipt of such request in the county wherein the licensee resides unless the division and the licensee agree that such hearing may be held in some other county. Upon such hearing the chief or his duly authorized agent may administer oaths and may issue subpoenas for the attendance of witnesses and the production of relevant books and papers and may require a reexamination of the licensee. Upon such hearing the division shall either rescind its order of suspension or, good cause appearing therefor, may extend the suspension of such license or revoke such license. The chief, or such agent conducting the hearing, shall preserve a summary of the testimony of the witnesses appearing before him; and shall make a written finding of facts upon such testimony, which finding shall be final, and not subject to revocation except for illegality or acts in excess of the division's authority.

This provision for a hearing is consistent with the provisions of T.C.A. sec. 59-713(d), and it appears to us that if a hearing is requested and is held prior to trial,

the Department may order the return of the license of the operator.

It is further provided in T.C.A. sec. 59-713(f) as follows:

Any person denied a license, or whose license has been canceled, suspended or revoked, except where such cancelation or revocation is mandatory, shall have the right to file petition for certiorari and supersedeas within sixty (60) days thereafter, for a hearing in the circuit court of the county wherein such person shall reside, which court is hereby vested with the jurisdiction to hear and determine the said controversy, subject to the limitations of this chapter.

We do not find that this provision of the Code has in any way been modified or repealed, and the same is accordingly still in full force and effect.

It, therefore, appears to us that the entire position of appellant in this cause has been misconceived. Neither T.C.A. sec. 59-713(b) nor T.C.A. sec. 59-713(f) was copied in the Supplement because neither has been modified or changed. We call attention to the Publisher's Note at the beginning of each pocket supplement in the Code that:

Where there have been amendments to numbered or lettered subsections, paragraphs or items, *unchanged portions of the section have in some instances been omitted herein. In each such case, omissions are indicated by asterisks, and the unchanged portions may be found in the parent volume hereto.* (Emphasis supplied.)

Upon examining the Code Supplement, counsel will find that this is the situation regarding T.C.A. sec. 59-713 (b) and T.C.A. sec. 59-713(f).

The judgment of the trial court is affirmed at the cost of appellant.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and CRESON, JUSTICES, concur.