IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 7, 2021

## WATAUGA FALLS DEVELOPMENT v. RIVERS END SUBDIVISION P.O.A. ET AL.

**Appeal from the Chancery Court for Johnson County**
**No. 7396      John C. Rambo, Chancellor**

_____

**No. E2021-00269-COA-R3-CV**

_____

The appellee, Watauga Falls Development ("Watauga"), filed a motion to dismiss this appeal alleging that the dismissal of a prior appeal of this case bars the instant appeal. Because the previous appeal was taken from the same judgment as the instant appeal and the dismissal of the previous appeal was with prejudice, this appeal must be dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

KRISTI M. DAVIS, J.; D. MICHAEL SWINEY, C.J.; AND JOHN W. MCCLARTY, J.

Perry L. Stout, Mountain City, Tennessee, for the appellants, Paul Thomas Blakley, and Peggy Lee Blakley.

Edward Thurston Brading, Johnson City, Tennessee, for the appellee, Watauga Falls Development, LLC.

Charles Jason London, Jonesborough, Tennessee, for the appellee, Rivers End Subdivision P.O.A., Inc.

Anne Claire Wright, Mountain City, Tennessee, for the appellee, William J. Seals.

## MEMORANDUM OPINION[1]

Watauga filed a motion to dismiss this appeal alleging that the dismissal of a previous appeal in this case estopped Paul Thomas Blakley and Peggy Lee Blakley ("the Blakleys") from filing the instant appeal. The other appellees, William J. Seals and Rivers End Subdivision P.O.A., Inc., filed responses joining in Watauga's motion to dismiss. The motion to dismiss asserted that a notice of appeal was filed in this case by Watauga on September 28, 2020, and was assigned case number E2020-01332-COA-R3-CV ("First Appeal").

In the First Appeal, Watauga was appealing the judgment of the Chancery Court for Johnson County ("the Trial Court") entered on August 28, 2020. The Blakleys timely filed a post-judgment motion in the Trial Court, but Watauga was unaware of this filing until after Watauga had filed its notice of appeal in this Court. Due to the pending post-judgment motion in the Trial Court, Watauga's September 28, 2020 notice of appeal was premature, and the Trial Court retained jurisdiction to rule upon the timely filed post-judgment motion pursuant to Tenn. R. App. P. 4(d) and (e).

The Trial Court ruled upon the post-judgment motion and entered its order on February 10, 2021. Pursuant to Tenn. R. App. P. 4(d), Watauga's prematurely filed notice of appeal was "treated as filed after the entry of the judgment from which the appeal is taken and on the day thereof." Tenn. R. App. P. 4(d). Watauga's appeal, thus, was treated as filed on February 10, 2021.

On February 19, 2021, all parties to the case filed a Stipulation For Dismissal in this Court stipulating to the dismissal of the First Appeal. By Order entered February 19, 2021, this Court granted the stipulation to voluntarily dismiss the appeal, and the First Appeal was dismissed.

On March 10, 2021, the Blakleys filed in this Court a notice of appeal seeking to appeal the Trial Court's February 10, 2021 order. Watauga then filed its motion to dismiss. In their response to the motion to dismiss, the Blakleys argue that the First Appeal "was never perfected to begin with," and that because the notice of appeal filed by the Blakleys was filed within thirty days of the order appealed from, that the dismissal of the First

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Appeal should not act to estop the Blakleys from pursuing their timely-filed appeal. The Blakleys are mistaken in the assertion that the First Appeal was not perfected, and they have missed the point. As discussed above, the First Appeal was perfected on February 10, 2021 immediately after entry of the Trial Court's February 10, 2021 order addressing the post-judgment motion. The First Appeal then was dismissed pursuant to Rule 15 of the Tennessee Rules of Appellate Procedure on February 19, 2021. As this Court explained in *Brown v. Brown*:

> [A] voluntary dismissal of an appeal generally is *with* prejudice. "[A]n appellant seeking to voluntarily dismiss its appeal is not entitled to a dismissal without prejudice." *Jackson–Madison Cnty. Gen. Hosp. Dist. v. Tennessee Health Facilities Comm'n,* No. M1999–02804–COA–R3–CV, 2001 WL 1504745, at *4 (Tenn. Ct. App. Nov. 28, 2001) (citing *Banks v. Kentucky Live Stock Ins. Co.,* 7 Tenn. Civ. App. (Higgins) 419, 429 (Tenn. 1916)); *see also Rayburn v. Bd. of Prof'l Responsibility of the Supreme Court,* 300 S.W.3d 654, 662 (Tenn. 2009) (Tenn. R. App. P. 15(a) does not include entitlement to dismissal without prejudice). "When an appellant voluntarily dismisses its appeal, the appellate court, at its option, may either affirm the lower court's judgment or simply dismiss the appeal, thereby leaving the lower court's judgment in place and returning the parties to where they were before the appeal was filed." *Jackson–Madison Cnty. Gen. Hosp. Dist.,* 2001 WL 1504745, at *4 (citing *Banks,* 7 Tenn. Civ. App. (Higgins) at 429; *Fort v. Fort,* 118 Tenn. 103, 101 S.W. 433, 436 (Tenn. 1907); *Maskall v. Maskall,* 35 Tenn. (3 Sneed) 207, 208–09 (Tenn. 1855)). Thus, "[t]he effect of the dismissal of an appeal . . . is to affirm the judgment of the lower court." *Fort,* 101 S.W. at 436.

*Brown v. Brown*, No. M2012-02084-COA-R3-CV, 2014 WL 1017509, at *7 (footnote omitted).

Pursuant to Tenn. R. App. P. 15, the Blakleys had the right to continue to litigate appellate issues in the First Appeal despite dismissal, if they provided notice of such intent. The Blakleys provided no such notice. Instead, the Blakleys joined in the Stipulation For Dismissal filed by the parties in the First Appeal, and all issues in the First Appeal were dismissed with prejudice. The effect of the dismissal of the First Appeal was to leave the Trial Court's February 10, 2021 order in place and affirm the judgment of the Trial Court. The Blakleys then filed their notice of appeal on March 10, 2021 attempting to appeal the same judgment.

This appeal is hereby DISMISSED. Costs on appeal are taxed to appellants, Paul Thomas Blakley and Peggy Lee Blakley, for which execution may issue.

**PER CURIAM**