IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 22, 2025 Session

## IN RE CONSERVATORSHIP OF SUSAN DAVIS MALONE

**Appeal from the Probate Court for Shelby County**
**No. PR-24346      Joe Townsend, Judge**

_____

**No. W2023-00409-COA-R3-CV**

_____

This emergency conservatorship action was litigated along with an action to establish a permanent conservatorship. The trial court's judgments in both actions have been appealed. Because the appeal in the permanent conservatorship action has resolved the issues raised in this appeal, we dismiss the appeal as moot.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

VALERIE L. SMITH, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and CARMA DENNIS MCGEE, J., joined.

Edward Thomas Autry and Hannah Elizabeth Bleavins, Memphis, Tennessee, for the appellant, Susan Davis Malone.

David Wade, Christopher M. Myatt, and Bryant T. Carlton, Memphis, Tennessee, for the appellees, Valerie Harwood, Jeffrey Wells Jackson, Jr., John Parker Jackson, Lisa Malone Jackson, Alicia Kelley, Teresa Rando, Elizabeth Davis Jackson, and Stephanie Green Cole.

**MEMORANDUM OPINION**[1]

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by **memorandum opinion** when a formal opinion would have no precedential value. When a case is decided by **memorandum opinion** it shall be designated "**MEMORANDUM OPINION**", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

# I. BACKGROUND

This appeal arises from a petition to establish an emergency conservatorship for Susan Davis Malone in the Probate Court for Shelby County ("trial court"). The underlying facts and procedural history of this action and the subsequent permanent conservatorship action have been examined in detail in five previous appellate opinions. See *In re Conservatorship of Malone*, No. W2023-00841-COA-T10B-CV, 2023 WL 8454618 (Tenn. Ct. App. Dec. 6, 2023) ("*Malone I*"); *In re Conservatorship of Malone*, No W2024-00134-COA-T10B-CV, 2024 WL 964147 (Tenn. Ct. App. Mar. 6, 2024) ("*Malone II*") (overruled by *In re Conservatorship of Malone*, 691 S.W.3d 365 (Tenn. 2024) ("*Malone III*")); and *In re Conservatorship of Malone*, No. W2024-00134-COA-T10B-CV, 2024 WL 3878523 (Tenn. Ct. App. Aug. 20, 2024) ("*Malone IV*"); *In re Conservatorship of Malone*, No. W2024-00264-COA-R3-CV, ---- WL ---- (Tenn. Ct. App. ----) ("*Malone V*"). We see no need to revisit that background here.

In summary, Edward Thomas Autry and Hannah Elizabeth Bleavins (together, "Attorneys") were Ms. Malone's estate planning attorneys. They also represented her in a post-divorce proceeding against her former husband ("the post-divorce action"). In 2018, Ms. Malone executed a durable power of attorney and a durable power of attorney for healthcare ("the 2018 DPOAs") designating Attorneys to serve as her attorneys-in-fact and conservators should the need arise. After Ms. Malone suffered a significant healthcare event in 2021, Attorneys exercised their authority under the 2018 DPOAs. In November 2022, Ms. Malone purportedly revoked the 2018 DPOAs and executed DPOAs in favor of her adult daughter, Lisa Malone Jackson ("the 2022 DPOAs").

On November 22, 2022, Attorneys filed a petition for an emergency conservatorship ("the emergency action" or "the emergency petition") in the Shelby County Probate Court ("the trial court"). On the same day, the trial court entered an *ex parte* order granting their petition. The trial court declared the 2018 DPOAs valid and the 2022 DPOAs void. On January 6, 2023, the trial court closed the emergency conservatorship due to the mandatory time constraints imposed by Tennessee Code Annotated § 34-1-132. However, the court stated that the order was not final. On January 10, Ms. Jackson filed a motion to alter or amend the trial court's November 22 and January 6 orders. While her motion was pending, on January 25, 2023, Attorneys filed a non-emergency petition for a permanent conservatorship ("the permanent action" or "the permanent petition"); on March 6, Ms. Jackson filed a counter-petition.[2] The trial court "assumed" jurisdiction of the post-divorce

---

[2] Appellees Valerie Harwood, Jeffrey Wells Jackson, Jr., John Parker Jackson, Alicia Kelley, Teresa Rando, and Elizabeth Davis Jackson also were named counter-petitioners. We refer to them, collectively, as "Ms. Jackson."

action, and the three actions became entangled in the trial court.[3]

On February 7, 2023, the trial court denied Ms. Jackson's motion to alter or amend in the emergency action. On February 21, the trial court entered a second order closing the emergency conservatorship and declared the order final pursuant to Tennessee Rule of Civil Procedure 54.02. On March 20, 2023, Ms. Jackson filed a notice of appeal to this Court.

On April 10, the court entered an order stating that its February order was not final because it had not made an express determination that "there [was] no just reason for delay" as required by Rule 54.02. In its order, the trial court noted that the parties continued to adjudicate their claims in the permanent action.

In May 2023, Attorneys filed their first motion to recuse in the permanent action. The trial court denied Attorneys' motion, and Attorneys filed an interlocutory appeal as of right pursuant to Tennessee Supreme Court Rule 10B ("Rule 10B"). On June 14, the *Malone I* court entered an order staying the proceedings in the trial court. On June 23, this Court entered an order staying this appeal of the emergency action.

On October 10, the *Malone I* court partially lifted the stay to permit the trial court to adjudicate Attorneys' pending motion to amend in the permanent action. The trial court construed the order as requiring it to adjudicate several pending motions and, by order entered on October 31, the trial court partially granted the motions and set aside its January 6 findings of fact and rulings.

On December 6, the *Malone I* court filed its opinion affirming the trial court's order denying Attorneys' first motion to recuse and lifted the stay. On December 7, Ms. Jackson filed an emergency motion in the trial court to clarify who had the authority to provide for Ms. Malone's care. On December 11, the trial court entered an order setting aside all findings and rulings in the emergency action "so that the matters can be considered anew, if necessary," in the permanent action. The court again closed the emergency conservatorship. The trial court found good cause to set an evidentiary hearing of Ms. Jackson's December 7 motion and set the motion to be heard on December 13.

On December 12, Attorneys filed their second motion to recuse in the permanent action. Notwithstanding the pending motion, on December 15, the trial court found good cause to act and appointed Janelle Eskridge to serve as interim neutral conservator. On January 9, 2024, the trial court denied Attorneys' second motion to recuse, and on January 23 the trial court removed the interim conservator and appointed co-conservators—

---

[3] We express no opinion as to the propriety of the trial court's assumption of jurisdiction of the post-divorce action.

including Ms. Jackson—to serve as permanent conservators.

On January 29, Attorneys filed a Rule 10B appeal of the trial court's January 9 order denying their second motion to recuse in the permanent action. On February 12, they filed a motion in this Court to declare the trial court's order entered in the emergency action after March 20, 2023, to be void for lack of subject matter jurisdiction. The Tennessee Supreme Court determined that the trial court did not act without subject matter jurisdiction, and in August 2024, this Court affirmed denial of Attorneys' second motion to recuse.

In the meantime, on December 12, 2023, Ms. Jackson filed a motion and voluntary notice of dismissal of her March 2023 appeal in this action.[4] In her motion, she stated that the appeal "is not determinable as a Rule 3 Appeal of Right." On December 17, Attorneys filed a response and "notice of their intent to litigate the appellate issues despite [Ms. Jackson's] voluntary dismissal," including the issue of whether *res judicata* bars reconsideration of the validity of the 2018 and 2022 DPOAs in the permanent action. On January 10, 2024, this Court partially granted the motion. However, noting Attorneys' "desire to litigate the issues on appeal," the Court held the motion to dismiss and other pending issues "in abeyance" pending review of the record. The January order re-aligned the parties as: "Edward T. Autry and Hannah E. Bleavins, as attorneys-in-fact and counsel for Susan Davis Malone will be designated as Appellants[,]" and Ms. Jackson, et al., were designated as Appellees.

In April 2024, this Court remanded this appeal to the trial court to determine whether diminution of the record was appropriate. On July 15, the trial court entered an order finding that the emergency action and permanent action were "inextricably linked." The trial court determined that the record should include both petitions "because of the identities between the cases and the res judicata issue raised" by Attorneys. The record was transmitted to this Court on August 6. On September 5, Ms. Jackson filed a motion to consolidate this appeal and Attorneys' appeal in the permanent action. On September 23, this Court denied the motion. On December 20, Attorneys filed a motion to strike portions of Ms. Jackson's brief and appendix concerning exhibits entered after February 21, 2023. That motion was deferred to this panel.

## II. ISSUES

---

[4] We note that in Ms. Jackson's December 2023 motion to dismiss this appeal, she asserted that this Court lacked subject matter jurisdiction over this appeal because the trial court's order was not final. Ms. Jackson's motion was held in abeyance by this Court. While it is true that this Court typically has subject matter jurisdiction over final judgments only, we have discretion to waive this rule for good cause. *See Bayberry Assocs. v. Jones,* 783 S.W.2d 553, 559 (Tenn.1990) (citing Tenn. R. App. P. 2). Given our resolution of this appeal and the tortured procedural history of this case, we exercise our discretion to adjudicate this appeal notwithstanding Ms. Jackson's claim that the trial court's judgment is non-final.

Attorneys raise two issues for review:

1) Whether the Trial Court's November 22, 2022 and January 6, 2023 Orders are valid and serve as res judicata for all future proceedings between the same parties regarding the same subject matter and the same cause of action.

2) Whether the trial court lost jurisdiction to enter any orders following the entry of the February 21 Final Order Closing Emergency Conservatorship which closed this matter and specifically stated it was a final judgment pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure and the Notice of Appeal filed by Appellee Jackson on March 20, 2023.

## III. LAW AND ANALYSIS

### 1) <u>Res Judicata</u>

Attorneys initially assert that the trial court's orders entered on November 22, 2022, and January 6, 2023, are valid, and that the doctrine of *res judicata*, precludes the re-litigation of the same issues in the subsequent case of *Malone V*. Whether the doctrine of *res judicata* bars a claim presents a question of law that we review *de novo,* with no presumption of correctness. *Brown v. Shappley*, 290 S.W.3d 197, 200 (Tenn. Ct. App. 2008) (citation omitted).

We note, however, that Attorneys also raised the defense of *res judicata* in *Malone V*. Therein, this Court reviewed and provided a detailed analysis rejecting Attorneys' *res judicata* argument. *See Malone V*, at *___. As such, *Malone V* has rendered this issue moot. *See Locke v. Aston*, 705 S.W.3d 147, 149 (Tenn. 2024) (citations omitted) (holding that if a case can no longer provide judicial relief, it loses its justiciability and is rendered moot). Under the doctrine of justiciability, the courts "'will not decide a moot question[.]'" *Hooker v. Haslam*, 437 S.W.3d 409, 417 (Tenn. 2014) (quoting *Tennessee Negro Funeral Dirs. Ass'n v. Bd. of Funeral Dirs. and Embalmers of Tenn.*, 332 S.W.2d 195, 197 (Tenn. 1960)). To that end, Attorneys are not entitled to relief on this issue.

### 2) <u>Subject Matter Jurisdiction</u>

Attorneys also argue that the trial court lost jurisdiction over the emergency action when Ms. Jackson filed her notice of appeal on March 20, 2023. They assert that the trial court's orders setting aside its November 2022 and January 2023 rulings are, therefore, void.

Whether a court has subject matter jurisdiction also presents a question of law which we review *de novo* with no presumption of correctness. *Malone III*, 691 S.W.3d 365, 370 (Tenn. 2024) (citation omitted). It is well-settled that a court's subject matter jurisdiction may be raised at any time by any party and cannot be waived or conferred by consent. *McCarver v. Ins. Co. of State of Pennsylvania*, 208 S.W.3d 380, 383 (Tenn. 2006) (citations omitted). An order entered without subject matter jurisdiction is void. *State ex rel. Groesse v. Sumner*, 582 S.W.3d 241, 252 (Tenn. Ct. App. 2019) (citations omitted).

As this Court has previously noted, an emergency conservatorship—such as the one at issue in this appeal—is statutorily limited in duration to sixty days. Tenn. Code Ann. § 34-1-132(a). This time constraint is mandatory, and non-compliance "shall void any emergency appointment and remove the authority previously granted to an emergency fiduciary." *Id.* As a matter of law, the trial court was set to lose jurisdiction to act in the emergency conservatorship on January 23, 2023, regardless of any subsequently-filed notice of appeal or order setting aside earlier orders entered in the emergency conservatorship case. Moreover, this Court's decision in *Malone V* has the practical effect of vacating and remanding the conservatorship issues to the trial court for a determination of the very matters Attorneys request that we adjudicate in this appeal.

Thus, with the decision of the trial court having no *res judicata* effect and the emergency conservatorship no longer being a viable option for the Attorneys' to utilize due to its expiration, this Court cannot grant Attorneys the relief requested, and this appeal is moot. *See Locke*, 705 S.W.3d at 149 (Tenn. 2024) (holding that if a case can no longer provide judicial relief, it loses its justiciability and is rendered moot).

## V. CONCLUSION

In view of the foregoing, Ms. Jackson's December 12, 2023 pending motion to dismiss this appeal is granted. Any remaining issues are pretermitted. Costs on appeal are taxed to the Appellants, Edward T. Autry and Hannah E. Bleavins, as attorneys-in-fact and counsel for Susan Davis Malone, for which execution may issue if necessary.

s/Valerie L. Smith
VALERIE L. SMITH, JUDGE
